# JS - 6     **PRIORITY SEND**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   EDCV 13-00109 JGB (DTBx)        Date:  February 15, 2013

Title:   FED. NAT'L MORTGAGE ASS'N -v- PABLO TORRES
=================================================================
PRESENT:   HONORABLE JESUS G. BERNAL, U.S. DISTRICT JUDGE


PROCEEDINGS:   MINUTE ORDER (1) DENYING PLAINTIFF'S EX PARTE APPLICATION (DOC. NO. 3); AND (2) REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)


    On February 8, 2013, Plaintiff Federal National Mortgage Association filed an Ex Parte Application for Remand.  (Doc. No. 3.)  The Court finds that Plaintiff has failed to establish that it would "be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; thus, seeking remand through an ex parte application is improper.  Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

    Nevertheless, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") Thus, the Court independently assesses whether it has jurisdiction over this matter.

    On January 8, 2013, Plaintiff filed a complaint for unlawful detainer

EDCV 13-00109 JGB (DTBx)
FED. NAT'L MORTGAGE ASS'N v. PABLO TORRES
MINUTE ORDER of February 15, 2013

("Complaint") against Defendant Pablo Torres in the Superior Court of California, County of  San Bernardino.  (Compl., attached to Not. of Removal (Doc. No. 1).)  On January 17, 2013, Defendant removed the action on the basis of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332.  (See Not. of Removal at 1-6.)

        Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

        Defendant appears to allege federal question jurisdiction (28 U.S.C. § 1331) as a basis for removal.  (See Not. of Removal at 2 (referencing "federal question", 6 (referencing federal statutes against mail fraud).)  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction is apparent on the face of the complaint).  Accordingly, Defendant has not established that the Court has jurisdiction based on federal question under 28 U.S.C. § 1331.

        Defendant also claims removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332.  (See Not. of Removal at 1-2.)  Upon review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case.  Defendants do not explain how a case, filed by Plaintiff as one where damages are no more than $10,000, could be valued at $75,000 to meet the statutory requirements for diversity jurisdiction.  See 28 U.S.C. § 1332.

MINUTES FORM 11                                              Initials of Deputy Clerk   MG
CIVIL -- GEN                          Page 2

EDCV 13-00109 JGB (DTBx)
FED. NAT'L MORTGAGE ASS'N v. PABLO TORRES
MINUTE ORDER of February 15, 2013

      Defendant has not met his burden of establishing that the case is properly in federal court.  <u>Gaus</u>, 980 F.2d at 566.  Accordingly, the Court REMANDS the action to the Superior Court of California for the County of  San Bernardino.

      **IT IS SO ORDERED.**